[No. D003328. Fourth Dist., Div. One. Aug. 28, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
REUBEN BELNICK, Defendant and Appellant.

**COUNSEL**

Brent O'Malley Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Holly D. Wilkens, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUTLER, J.**—The People charged Reuben Belnick with nine counts of reporting or registering of a fictitious employer, employee and of wages in

order to obtain unemployment benefits in violation of section 2114 of the Unemployment Insurance Code[1] and three counts of forgery, utterance of a legal instrument and falsification of records in violation of section 470 (forgery) of the Penal Code. The court denied Belnick's motion to dismiss on grounds the 10-day notice requirement of section 2113 was not given before the complaint was filed. The parties then stipulated to the facts underlying count two: In April of 1983, Belnick registered a fictitious employer with the Employment Development Department (Department) (§ 133); he also registered himself as employee and as a recipient of fictitious wages making him eligible for benefits under the code which he eventually collected in excess of $400. Following appropriate waivers, the judge, based on the stipulated facts, found Belnick guilty of count two, violating section 2114, and sentenced him to a middle term of two years in prison. The court, pursuant to the stipulation, found him not guilty of the remaining counts.

Appealing, Belnick repeats the argument made to the trial court. He contends section 2113[2], requiring the Department to give 10 days' written notice of intent to file a criminal complaint, applies to section 2114[3] prosecutions; as such notice was not given, the information failed to state an offense and the evidence is insufficient to sustain the conviction. We shall hold the 10-day notice not applicable to section 2114 prosecutions and affirm.

---

[1]All statutory references are to the Unemployment Insurance Code unless otherwise specified.

[2]Section 2113 provides: "Nothing in this division shall prevent the department from accepting restitution or an acceptable arrangement for restitution, made voluntarily before such department files a criminal complaint, for overpayment of benefits from any person, who has not previously claimed any right under this section, who has not been convicted of an offense under Section 2101 within three years preceding the service under this section of a written notice of intent to file a criminal complaint and who has willfully made a false statement or representation or knowingly failed to disclose a material fact to obtain or increase any benefit under any provision of this division. The department shall by mail or personal service give such person written notice of intent to file a criminal complaint not less than 10 days prior to the filing of the criminal complaint. The department may accept restitution or an arrangement for restitution and any such acceptance shall be in lieu of any criminal action against such person, except that such department shall not be precluded from filing a criminal action against any person who defaults under an arrangement for restitution which it has accepted. For purposes of this section, no period of time during which an arrangement for restitution is in effect shall be a part of any limitation of the time for commencing a criminal action. The department shall deposit amounts received from any person under this section in the fund from which the overpayments were made."

[3]Section 2114 provides: "Any individual who, with the intent to defraud, reports or registers a fictitious employer or fictitious employee, and fictitious wages, to the department in order to obtain benefits or increase any benefit or payment in an aggregate amount of four hundred dollars ($400) or more, whether for the maker or for any other person, is punishable by imprisonment in the county jail for a period not to exceed one year, or in the state prison, or by a fine of not more than five thousand dollars ($5,000), or both such fine and imprisonment."

## I

■ The Legislature enacted unemployment compensation as part 1 of division 1 of the Unemployment Insurance Code to provide for benefits for persons unemployed through no fault of their own and to reduce involuntary unemployment and the suffering caused by it to a minimum (§ 100). The code is remedial in nature and is to be construed liberally to effect the purposes of the act, to insure the "'diligent worker against the vicissitudes of enforced unemployment not voluntarily created by the worker without good cause.' [Citation.]" (*Tomlin v. Unemployment Ins. Appeals Bd.* (1978) 82 Cal.App.3d 642, 646 [147 Cal.Rptr. 403].)

"Internal ambiguities and conflicts should be resolved to promote the objective exhibited by the entire plan." (*Smith v. Unemployment Ins. Appeals Bd.* (1975) 52 Cal.App.3d 405, 411 [125 Cal.Rptr. 35].) Section 2101 provides in relevant part: "(a) It is a misdemeanor to willfully make a false statement or represen.tation or knowingly fail to disclose a material fact to obtain, increase, reduce, or defeat any benefit or payment, whether for the maker or for any other person, under any of the following statutes administered by the department: [¶] (1) The provisions of this division." ■ Section 2101 is a special statute. This means prosecution under a general statute is precluded by the special statute which is so characterized when, from the entire context in which the special statute is placed, a violation of the special statute will commonly result in a violation of the general statute. (*People v. Jenkins* (1980) 28 Cal.3d 494, 503 [170 Cal.Rptr. 1, 620 P.2d 587].) Thus, an unemployment insurance fraud may not be prosecuted as theft by false pretensions (Pen. Code, § 484) or forgery (Pen. Code, § 470) and, as of April 1976, violations of provisions of division 1 of the code were misdemeanors. (*People v. Ruster* (1976) 16 Cal.3d 690, 697-698 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269].)

Section 2114 was enacted in 1982 after *Ruster.* The Legislature declared the misdemeanor penalties previously provided (e.g., §§ 2101, 2103, 2104 & 2107 et seq.) were inadequate for certain types of fraud under the code and enacted several sections with felony penalties for such fraud (Stats. 1982, ch. 999, pp. 3679-3680; §§ 2114 & 2115; § 2116 was enacted in 1983 (Stats. 1983, ch. 711, §§ 1 & 3, p. 2704; see also § 2112; *Review of Selected 1982 California Legislation* (1982) 14 Pacific L.J. 661).

## II

Section 2113[4] gives the Department discretionary power (*Manning v. Municipal Court* (1978) 87 Cal.App.3d 932, 936 [151 Cal.Rptr. 453]; see

---

[4]See *ante,* footnote 2.

also Cal. Admin. Code, tit. 22, § 2113-1, subds. (a) & (d); 50 Ops.Cal.Atty.Gen. 128, 130 (1967)) to accept restitution in lieu of a prosecution if a person has not previously claimed any right under the section, not had a section 2101 conviction within three years and "has willfully made a false statement or representation or knowingly failed to disclose a material fact to obtain or increase any benefit under any provision of this division." Further, "[t]he department shall by mail or personal service give such person written notice of intent to file a criminal complaint not less than 10 days prior to the filing of the criminal complaint." (§ 2113.)

Section 2113 was in place when section 2114 was enacted. ▮ The People argue the Legislature had no intent section 2113 should apply to prosecutions pursuant to section 2114. Thus, the Department was not required to give the 10-day notice. They urge we give the statutory provisions reasonable and commonsense interpretations and argue connecting the two sections results in unwise policy and absurdity. To bolster the argument, the People cite to us longstanding administrative policies of not offering restitution when a person has established fictitious employer, employee and wage accounts. (Cal. Admin. Code, tit. 22, § 2113-1, subd. (b).)

We avoid unreasonable and absurd applications of law (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722]) and give great weight to administrative policy and interpretations (*Manning* v. *Municipal Court, supra,* 87 Cal.App.3d 932 at p. 936).

▮ The language of section 2113, with insignificant differences, exactly tracks the operative language of section 2101 concerning willfully making a false statement or representation or knowingly failing to disclose a material fact to obtain or increase any benefits. Together, the two sections compel the conclusion violations of the code with respect to willfully making a false statement or representation or knowingly to fail to disclose a material fact or obtain or increase any benefits are prosecutable only as misdemeanors (*People* v. *Ruster, supra,* 16 Cal.3d 690 at pp. 697-698) and offenders are required to be offered an opportunity to make restitution before misdemeanor complaints are filed.[5]

▮ Section 2114, however, tracks neither section 2113 nor section 2101. While section 2101 speaks generally to violations of provisions of division 1 and characterizes such violations as misdemeanors, section 2114 is specific in its narrow definition of the offense punishable as a felony.

---

[5]Further support for this tandem reading is found in the sections themselves. The Department is not required to accept restitution from a code offender who has previously suffered a section 2101 misdemeanor conviction within the preceding three years (§ 2113).

The offense is the obtaining of benefits or the increase in benefits or payments aggregating $400 or more by a person who, with the intent to defraud, reports or registers a fictitious employer or fictitious employee, and fictitious wages. This narrowly drawn, specific felony offense of securing benefits by registering a fictitious employer or fictitious employee, with fictitious wages, is not an offense requiring the section 2113 10-day written notice.

*Ruster* construed section 2101 as prescribing exclusive criminal misdemeanor penalties for violation of division 1. Penal Code felony offenses, such as forgery and false pretense theft, were preempted by section 2101. Following *Ruster,* the Legislature enacted amendments to the code declaring particular offenses to be serious and punishable as felonies (§§ 2114, 2115 & 2116).[6] We must first ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) The intent as to section 2114 is clear; securing benefits by fictitious techniques is declared to be a felony. Next, statutes are to be given a reasonable and commonsense interpretation consistent with the intent and purpose of the legislators, practical rather than technical, which upon application will result in wise policy rather than an absurdity. (*United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 170 [154 Cal.Rptr. 263].)

The section 2113 10-day notice requirement of intent to file a criminal complaint is to encourage a "willingness to make restitution." The Department is not obligated to advise offenders of a right to offer restitution. (*Manning* v. *Municipal Court, supra,* 87 Cal.App.3d 932 at p. 937.) The Department's administrative regulations to which we give great weight (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 491 [156 Cal.Rptr. 14, 595 P.2d 592]) do not require the notice with respect to section 2114 offenses and provides the Department shall not offer restitution in lieu of prosecution. (Cal. Admin. Code, tit. 22, § 2113-1, subd. (b).)

Our construction of the statutes leads to a sensible, reasonable result. Unemployment insurance offenses are classified as misdemeanors and felonies. The 10-day notice suggests the Department door is open to an offer of restitution to avoid prosecution of offenses deemed not serious. The notice tells the offender two things. One, prosecution may be avoided if restitution is offered and accepted. Two, the noticed offense can be prosecuted, if at all, solely as a misdemeanor. Less serious offenses may be disposed of through administrative procedures without recourse to the courts.

---

[6]In 1977, the Legislature permitted prosecutions for forgery by adding to section 2101, subdivision (b) (Stats. 1977, ch. 820, § 1 p. 2490): "Nothing in this section shall be construed to preclude the applicability of Section 470 of the Penal Code to any acts or omissions which violate this section."

On the other hand, section 2114 felony offenses are not subject to this administrative disposition prior to the filing of criminal charges. The offender's notice is the knock on the door, the warrant of arrest and the taking into custody. He or she is not afforded a 10-day period within which to perfect plans to travel south of the border beyond the immediate reach of the sheriff.

The filing of the felony complaint does not slam shut the door to further proceedings for restitution and dismissal of the complaint. The forum is moved from Department administrative offices to plea bargaining negotiation in the district attorney's office.

These views of the statutory scheme for disposition of unemployment insurance offenses construe sections 2101, 2113 and 2114 as a legislative response to goals of the code—to insure the diligent worker against the vicissitudes of unemployment and to punish offenders commensurate with the seriousness of their conduct. We thus hold the Department is not obligated to give a 10-day notice of intent to institute criminal proceedings under section 2114.

Judgment affirmed.

Wiener, Acting P. J., and Work, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 19, 1986.